# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RONALD R. CLOUD,**

    Petitioner,

v.                                       **Civil Action No. 1:06cv178**
                                                   **(Judge Keeley)**

**THOMAS MCBRIDE,**

    Respondent.

## OPINION/REPORT AND RECOMMENDATION

On November 1, 2006, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody in the United States District Court for the Southern District of West Virginia. However, because the petitioner's conviction was imposed by the Circuit Court of Hampshire County, West Virginia, the case was transferred to this Court on December 11, 2006. On January 25, 2007, the undersigned conducted a preliminary review of the petition and found that summary dismissal was not warranted at that time. Therefore, the respondent was directed to file a response.

On February 23, 2007, the respondent filed a Motion to Dismiss the Petition as Untimely Filed. On March 9, 2007, the Court issued a Roseboro Notice advising the *pro se* petitioner of his right to file responsive material to the respondent's motion. Despite this notice, and after adequate time to file a reply, the record reflects that the petitioner has failed to file a reply to the respondent's motion. Accordingly, this case is before the undersigned for a Report and Recommendation on the respondent's motion to dismiss.

## I. Procedural History

### A. Petitioner's Conviction and Sentence

As set forth in the pleadings, on May 5, 1988, the petitioner was charged with kidnapping, malicious assault, sexual assault in the first degree, and conspiracy Following a jury trial, the petitioner was convicted on all counts without a recommendation of mercy. On November 29, 1988, the Court sentenced the petitioner to life in the penitentiary without the possibility of parole on the kidnapping charge, one to five years in the penitentiary for conspiracy, 15-25 years in the penitentiary for first degree sexual assault, and 2-10 years in the penitentiary for malicious assault. The sentencing court then ordered that the petitioner's kidnapping and conspiracy charges run concurrent, and that his sentences for malicious assault and first degree sexual assault run concurrent with each other, but consecutive to the kidnapping and conspiracy charges.

### B. Petitioner's Direct Appeal

The petitioner filed a direct appeal of his conviction and sentence to the West Virginia Supreme Court of Appeals ("WVSCA") on September 14, 1989. The petitioner's direct appeal was refused on October 3, 1989.

### C. Petitioner's State Post-Conviction Proceedings

On October 18, 2001, the petitioner filed a petition for state post conviction review in the Circuit Court of Hampshire County. After an evidentiary hearing, the circuit court denied the petition on the merits on October 19, 2004. The petitioner did not appeal that decision.

### D. Federal Habeas Proceedings

The instant case was filed on November 1, 2006. In the petition, the petitioner raises the following grounds for relief:

2

(1) denial of counsel for habeas appeal to WVSCA;

(2) denial of appeal;

(3) denial of transcript to appeal; and

(4) denial of access to court;

## II. Timeliness of Petition

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).[1] Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir.2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

Thus, absent any state court post conviction proceeding that would have tolled the federal

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998), cert denied, 523 U.S. 371 (1998). Thus, the AEDPA applies to this petition.

limitation period,[2] a petitioner who's conviction and sentence became final after the effective date of AEDPA, has one-year from the date the conviction and sentence became final to file a federal habeas petition. 28 U.S.C. § 2244(d). The amendment to § 2244 became effective on April 24, 1996. For a prisoner whose conviction and sentence became final prior to the effective date of AEDPA, a one-year grace period extends from the statute's effective date. Brown v. Angelone, 150 F.3d 370, 374-375 (4th Cir. 1998).

In this case, the petition is clearly untimely. The petitioner's conviction and sentence became final prior to the effective date of AEDPA.[3] Therefore, the petitioner had until April 24, 1997 to timely file his federal habeas petition. The petitioner's federal habeas petition was filed on November 1, 2006, more than nine years after the expiration of his one-year limitation period. Thus, the petitioner's state habeas petition filed on October 18, 2001 could not toll the one-year limitations period because there was nothing left to toll. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state court petition filed after the expiration of the limitations period "cannot toll that period because there is no period remaining to be tolled"). Accordingly, the petition is untimely and should be dismissed with prejudice.[4]

## III. Recommendation

For the foregoing reasons, it is the recommendation of the undersigned that the respondent's

---

[2] 28 U.S.C. § 2244(d)(2).

[3] The petitioner's direct appeal was refused on October 3, 1989. There is nothing in the record to indicate that the petitioner filed a writ of certiorari with the United States Supreme Court. Thus, his conviction became final 90 days from the date on which his appeal was denied. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Consequently, the petitioner's conviction became final on January 2, 1990.

[4] Significantly, the petitioner does not argue that the one-year limitation should be equitably tolled.

4

Motion to Dismiss Petition as Untimely (dckt. 15) be **GRANTED** and that the petitioner's § 2254 petition be **DENIED** and **DISMISSED with prejudice.**

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner.

DATED: June __11__, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE