# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RONALD R. CLOUD,**

      **Petitioner,**

v.                                                            **Civil Action No. 1:06cv178**
                                                                  **(Judge Keeley)**

**THOMAS MCBRIDE,**

      **Respondent.**

## SECOND OPINION/REPORT AND RECOMMENDATION

On November 1, 2006, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody in the United States District Court for the Southern District of West Virginia. However, because the petitioner's conviction was imposed by the Circuit Court of Hampshire County, West Virginia, the case was transferred to this Court on December 11, 2006. On January 25, 2007, the undersigned conducted a preliminary review of the petition and found that summary dismissal was not warranted at that time. Therefore, the respondent was directed to file a response.

On February 23, 2007, the respondent filed a Motion to Dismiss the Petition as Untimely Filed. On March 9, 2007, the Court issued a <u>Roseboro</u> Notice advising the *pro se* petitioner of his right to file responsive material to the respondent's motion. The Court never received a response.

Based on the docket at that time, on June 12, 2007, the undersigned issued an Opinion/Report and Recommendation which recommended that the respondent's motion to dismiss be granted and that the petition be dismissed with prejudice as untimely. Subsequent to that filing, however, the Court was informed by the Attorney General's Office of the State of West Virginia, that it had

received a reply to the Court's Roseboro Notice. The Attorney General's Office also asserted that such reply stated that it had been served upon the Court for filing. The Court conducted a further review of the file and determined that there was no record of the Court ever receiving a copy of the petitioner's reply.

After receiving a copy of the petitioner's reply from the Attorney General's Office, the Court directed the Clerk to file the reply. In light of this new information, the undersigned also rescinded the Report and Recommendation filed on June 12, 2007, and requested the District Judge not take any action on that report. This case is before the undersigned for consideration of the respondent's motion to dismiss and the petitioner's reply to that motion.

## I. Procedural History

### A. Petitioner's Conviction and Sentence

As set forth in the pleadings, on May 5, 1988, the petitioner was charged with kidnapping, malicious assault, sexual assault in the first degree, and conspiracy Following a jury trial, the petitioner was convicted on all counts without a recommendation of mercy. On November 29, 1988, the Court sentenced the petitioner to life in the penitentiary without the possibility of parole on the kidnapping charge, one to five years in the penitentiary for conspiracy, 15-25 years in the penitentiary for first degree sexual assault, and 2-10 years in the penitentiary for malicious assault. The sentencing court then ordered that the petitioner's kidnapping and conspiracy charges run concurrent, and that his sentences for malicious assault and first degree sexual assault run concurrent with each other, but consecutive to the kidnapping and conspiracy charges.

### B. Petitioner's Direct Appeal

The petitioner filed a direct appeal of his conviction and sentence to the West Virginia

Supreme Court of Appeals ("WVSCA") on September 14, 1989. The petitioner's direct appeal was refused on October 3, 1989.

## C. Petitioner's State Post-Conviction Proceedings

On October 18, 2001, the petitioner filed a petition for state post conviction review in the Circuit Court of Hampshire County. After an evidentiary hearing, the circuit court denied the petition on the merits on October 19, 2004. The petitioner did not appeal that decision.

## D. Federal Habeas Proceedings

The instant case was filed on November 1, 2006. In the petition, the petitioner raises the following grounds for relief:

(1) denial of counsel for habeas appeal to WVSCA;

(2) denial of appeal;

(3) denial of transcript to appeal; and

(4) denial of access to court;

## II. Timeliness of Petition

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).[1] Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998), cert denied, 523 U.S. 371 (1998). Thus, the AEDPA applies to this petition.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir.2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

Thus, absent any state court post conviction proceeding that would have tolled the federal limitation period,[2] a petitioner who's conviction and sentence became final after the effective date of AEDPA, has one-year from the date the conviction and sentence became final to file a federal habeas petition. 28 U.S.C. § 2244(d). The amendment to § 2244 became effective on April 24, 1996. For a prisoner whose conviction and sentence became final prior to the effective date of AEDPA, a one-year grace period extends from the statute's effective date. Brown v. Angelone, 150 F.3d 370, 374-375 (4th Cir. 1998).

In this case, the petition is clearly untimely. The petitioner's conviction and sentence became final prior to the effective date of AEDPA.[3] Therefore, the petitioner had until April 24, 1997, to timely file his federal habeas petition. The petitioner's federal habeas petition was filed on

---

[2] 28 U.S.C. § 2244(d)(2).

[3] The petitioner's direct appeal was refused on October 3, 1989. There is nothing in the record to indicate that the petitioner filed a writ of certiorari with the United States Supreme Court. Thus, his conviction became final 90 days from the date on which his appeal was denied. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Consequently, the petitioner's conviction became final on January 2, 1990.

4

November 1, 2006, more than nine years after the expiration of his one-year limitation period. Thus, the petitioner's state habeas petition filed on October 18, 2001 could not toll the one-year limitations period because there was nothing left to toll. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state court petition filed after the expiration of the limitations period "cannot toll that period because there is no period remaining to be tolled").

However, the Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable modifications such as tolling. United States v. Prescott, 221 F.3d 686, 687-88 (4th Cir. 2000). Nonetheless, "rarely will circumstances warrant equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). In order to be entitled to equitable tolling, petitioner bears the burden of presenting evidence which shows that he was prevented from timely filing his § 2254 petition because of circumstances beyond his control, or external to his own conduct, and that it would be unconscionable, or that a gross injustice would occur, if the limitation were enforced. Harris v. Hutchinson, 209 F.3d at 330. To make such a showing, petitioner must also show that he employed reasonable diligence in investigating and bringing his claims. Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 617 (3rd Cir. 1998).

In his reply to the respondent's motion, the petitioner asserts that during his state criminal proceedings, he was represented by ineffective assistance of counsel both at trial and on appeal. The petitioner also asserts that he was appointed counsel for his state habeas corpus proceedings. After the close of those proceedings, the petitioner asserts that he was told by post conviction counsel that an appeal would be filed even though the petitioner allegedly requested one. Thus, the petitioner attempted to procure transcripts and paperwork from the Clerk of the Circuit Court. The petitioner asserts that he received no response. The petitioner then asserts that he attempted to file a writ of

mandamus with the West Virginia Supreme Court of Appeals, but that his writ of mandamus was never filed. The petitioner asserts that the ineffectiveness of counsel, and the refusal of the Courts to respond to his various requests, denied him access to the courts. Therefore, it appears that the petitioner is attempting to make an equitable tolling argument in his reply.

However, even assuming all the facts in the petitioner's reply as true, his petition cannot be saved from summary dismissal. The petitioner filed a direct appeal of his conviction and sentence. That appeal was refused on October 3, 1989. Because the petitioner did not file a writ of certiorari, his conviction and sentence became final on January 2, 1990. Thus, even if the petitioner's defense attorney and/or his appellate attorney were ineffective in those proceedings, the petitioner has failed to adequate explain how that ineffectiveness caused the untimeliness of his federal habeas petition, filed more than 16 years later. Representation by those parties presumably ended at the conclusion of those proceedings and the petitioner does not allege that they were obligated in any way to represent him his federal habeas proceedings.

Moreover, to the extent that the petitioner argues that his state post conviction counsel was also ineffective, and that this ineffectiveness somehow contributed to the untimeliness of the petitioner's federal habeas petition, that claim cannot be reconciled with the record. Because his conviction and sentence became final prior to the effective date of the AEDPA, petitioner had until April 24, 1997, to timely file his federal habeas petition. The petitioner did not file his state habeas petition until October 18, 2001. Therefore, any ineffectiveness on the part of the petitioner's post conviction counsel had absolutely no bearing on the untimeliness of his federal habeas petition. The petitioner's state habeas counsel was not appointed until four years after his one-year limitation had already expired. Additionally, even if petitioner could somehow make a viable argument that the

alleged ineffectiveness of post conviction counsel effected the untimeliness of his federal habeas petition, such a claim is inadequate to establish equitable tolling. It is well-established that there is no constitutional right to post conviction counsel. See Mackall v. Angelone, 131 F.3d 442, 447 (4th Cir.1997) cert. denied 522 U.S. 1100 (1998).

As to the petitioner's claims regarding the Clerk of the Circuit Court and the West Virginia Supreme Court of Appeals, the incidents complained of appear to have occurred after the conclusion of the petitioner's state habeas proceedings. As the undersigned has noted numerous times throughout this Opinion, the petitioner's state habeas proceedings occurred well after the petitioner's one-year time limit had already expired. Thus, any action or inaction on the part of the Clerk of the Circuit Court or the West Virginia Supreme Court of Appeals after the conclusion of the petitioner's state habeas proceedings has no bearing on the timeliness of the petitioner's federal habeas petition. Accordingly, the petitioner has failed to meet the requirements for equitable tolling.

## III. Recommendation

For the foregoing reasons, it is the recommendation of the undersigned that the respondent's Motion to Dismiss Petition as Untimely (dckt. 15) be **GRANTED** and that the petitioner's § 2254 petition be **DENIED and DISMISSED with prejudice.**

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. §

636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner.

DATED: June 15, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE