**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**RONALD R. CLOUD,**

**Petitioner,**

**v. // CIVIL ACTION NO. 1:06CV178**
**(Judge Keeley)**

**THOMAS McBRIDE, Warden**

**Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION AND**
**DISMISSING WITH PREJUDICE CLOUD'S §2254 PETITION**

On November 1, 2006, pursuant to 28 U.S.C. § 2254, pro se petitioner, Ronald R. Cloud ("Cloud"), filed a petition for Writ of Habeas Corpus by a Person in State Custody in the United States District Court for the Southern District of West Virginia. Because Cloud's sentence was imposed by the Circuit Court of Hampshire County, West Virginia, his petition was transferred to the Northern District of West Virginia on December 11, 2006.

Pursuant to Standing Order of Reference for Prisoner Litigation Filed Pursuant to 28 U.S.C. §2254 (Standing Order No. 5) and in accordance with Local Rule of Prisoner Litigation 83.13, the Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation. On January 25, 2007, Magistrate Judge Kaull concluded that summary dismissal was not warranted and directed the respondent to file a response to Cloud's complaint.

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING WITH PREJUDICE CLOUD'S §2254 PETITION**

On February 23, 2007, the respondent filed a motion to dismiss, asserting that Cloud's § 2254 petition was untimely. On March 9, 2007, the Court issued a Roseboro Notice, advising Cloud of his right to file a response to the respondent's motion. In accord with that Notice, Cloud served the respondent with his reply brief. The Court, however, did not receive a copy of Cloud's reply.

Without the benefit of Cloud's reply, the Magistrate Judge issued a Report and Recommendation on June 12, 2007, recommending that the respondent's motion to dismiss be granted and that Cloud's petition be dismissed as untimely. Thereafter, the Attorney General's Office of the State of West Virginia advised the Magistrate Judge that it had received a reply brief from Cloud and forwarded a copy to the Court. In light of this new information, the Magistrate Judge rescinded his June 12, 2007 Report and Recommendation and directed the Clerk to file Cloud's reply

After reviewing Cloud's reply, Magistrate Judge Kaull filed a second Report and Recommendation on June 15, 2007 and again recommended dismissal of Cloud's § 2254 petition. On June 22, 2007, Cloud filed timely objections to the Magistrate Judge's Report and Recommendation.

The Court has conducted a de novo review of all matters before the Magistrate Judge in considering Cloud's petition. It appears to the Court that the recommendation of the Magistrate Judge to dismiss the petition as untimely accurately reflects the law applicable to the facts and circumstances before the Court in this case.

## I. FACTUAL BACKGROUND

On November 19, 1988, the Circuit Court of Hampshire County, West Virginia sentenced Cloud to serve a sentence of life in the penitentiary without the possibility of parole on the kidnapping charge, one to five years in the penitentiary for conspiracy, 15 to 25 years in the penitentiary for first degree sexual assault, and 2 to 10 years in the penitentiary for malicious assault. Cloud is currently incarcerated at the Mount Olive Correctional Complex in Mount Olive, West Virginia.

Cloud directly appealed his sentence to the West Virginia Supreme Court of Appeals, which refused to hear his appeal on October 3, 1989. Cloud did not file a petition for writ of certiorari with the United States Supreme Court. Rather, approximately twelve years later, on October 18, 2001, Cloud filed a petition for state post-conviction review in the Circuit Court of Hampshire County. Following an evidentiary hearing, the circuit court denied Cloud's petition on October 19, 2004. Cloud did not

appeal the circuit court's denial of his state habeas petition. Over two years later, Cloud filed his § 2254 petition in federal court.

## II. ANALYSIS

The issue before this Court is whether Cloud's federal habeas petition is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). If the petition is barred by the statute of limitations, the Court need not address the substantive issues raised in the petitioner's Writ of Habeas Corpus.

The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. 2244(d)(1), provides the following:

> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing any such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented

> could have been discovered through the exercise of due diligence.

In calculating the expiration date of the one-year limitations period, the AEDPA excludes "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment is pending." 28 U.S.C. § 2244(d)(2). Significantly, if a petitioner's sentence became final prior to the effective date of AEDPA[1], a one-year grace period extends from the statute's effective date. Brown v. Angelone, 150 F.3d 370, 374-75 (4th Cir. 1998).

Cloud was sentenced on November 29, 1988, and the West Virginia Supreme Court of Appeals refused to hear his direct appeal on October 3, 1989. Because he did not file a petition for writ of certiorari in the United States Supreme Court, Cloud's conviction and sentence became final 90 days from the date on which his appeal was denied, January 2, 1990. Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Because Cloud's conviction became final prior to the effective date of the AEDPA, his one-year statute of limitations did not run until April 24, 1997. Cloud, however, did not file his federal habeas petition until November 1, 2006.

In his Report and Recommendation, Magistrate Judge Kaull properly recognized that Cloud's state habeas petition filed on

---

[1] The effective date of the AEDPA is April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

October 18, 2001 could not toll the one-year limitations period because the period had expired on April 24, 1997, four years before Cloud filed his state habeas petition. The Magistrate Judge also evaluated the information provided by Cloud in his reply brief and determined that equitable tolling was not appropriate in this case. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

In his reply brief, Cloud specifically stated:

> Now the Attorney General of W[est] V[irginia] in Response says petitioner only had a year to file in federal court:
>
> Nothing about the 2 att[orneys] disbarred, nothing about the Court denying petitioner access, nothing about no counsel being appointed: No transcripts given:
>
> Nothing about the State Supreme Court refusing to file and have judges adjudicate case: let the Clerk violate your petitioner's rights.

Based on this information, Magistrate Judge Kaull found that Cloud failed to explain how the alleged ineffectiveness of his trial and appeal counsel caused the untimely filing of his federal habeas petition since he did not indicate that counsel had been obligated in any way to represent him in that petition. The Magistrate Judge also noted that the alleged ineffectiveness of counsel in filing his state post-conviction motion had no bearing on the untimeliness of Cloud's federal habeas petition because the one-year limitations period had run four years prior to the filing of Cloud's state habeas petition. Moreover, he concluded that the alleged actions

of the Circuit Court in Hampshire County and the West Virginia Supreme Court of Appeals, which Cloud asserts prevented him from pursuing his post conviction claims, occurred well after the one-year limitations period had expired; thus, such actions had no bearing on the timeliness of Cloud's federal habeas petition.

In his objections to Magistrate Judge Kaull's Report and Recommendation, Cloud raises the same allegations that were raised in his reply brief, those being ineffectiveness assistance of counsel at trial and on appeal and with respect to his state habeas petition, as well as alleged improper conduct by the Circuit Court of Hampshire County and the West Virginia Supreme Court of Appeals. He states that his appeal counsel was supposed to petition the Hampshire County Circuit Court to resentence him and allow him his appeal rights, but that counsel was disbarred prior to being able to file such pleadings. Cloud further states that the third lawyer he retained to handle his post-conviction motions was supposed to pursue resentencing, but, instead, filed a state habeas petition.

Cloud also notes that he retained all counsel who have worked on his case, but that he has been seeking appointed counsel for three years to handle his state habeas appeal. Finally, he asserts that the Circuit Court of Hampshire County and the West Virginia Supreme Court of Appeals have ignored his requests to be resentenced and to appeal his habeas petition; thus, one year has

not passed since the last review of his case by West Virginia's highest court.

This Court concurs with the Magistrate Judge's determination that Cloud failed to produce any evidence that he asked any of the three attorneys retained by him to file a federal habeas petition on his behalf. Thus, the alleged ineffectiveness of his counsel is irrelevant to whether his current federal habeas petition was filed in a timely manner. Moreover, any action or inaction taken by counsel, the Circuit Court of Hampshire County or the West Virginia Supreme Court of Appeals concerning his state habeas petition is also irrelevant to the timeliness of his federal habeas petition because Cloud did not file his state habeas petition until four years after the expiration of the one-year limitations period for his habeas petition. Therefore, Cloud has failed to establish that he is entitled to equitable tolling in this case. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

**III. CONCLUSION**

Cloud's § 2254 petition is untimely and cannot be salvaged by equitable tolling principles. Accordingly, the Court **ADOPTS** Magistrate Judge Kaull's Report and Recommendation, **GRANTS** the defendant's motion to dismiss (dkt no. 15) and **DISMISSES WITH PREJUDICE** Cloud's petition, and **DIRECTS** the Clerk to strike this case from its docket.

**CLOUD v. MCBRIDE** **1:06CV178**

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING WITH PREJUDICE CLOUD'S §2254 PETITION**

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to the pro se petitioner, via certified mail, and counsel of record.

DATED: July 5, 2007

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

9