IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RONALD R. CLOUD,**

    **Petitioner,**

**v.**                 **//**          **CIVIL ACTION NO. 1:06CV178**
                                                       **(Judge Keeley)**

**THOMAS McBRIDE, Warden**

    **Respondent.**

## ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY

On July 6, 2007, the Court dismissed with prejudice the pro se petitioner, Ronald R. Cloud's ("Cloud"), petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. Shortly thereafter, on July 17, 2007, Cloud filed an "Application And Request For Certificate Of Probable Cause To Appeal To The Fourth Circuit Court of Appeal At Richmond Virginia." Although Cloud does not provide the legal basis under which he seeks relief, the Court construes Cloud's pleading as an application for a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c) because a certificate of appealability was formerly known as a certificate of probable cause to appeal.

Cloud seeks to appeal the Court's July 6, 2007 Order adopting the recommendation of the magistrate judge and dismissing with prejudice his § 2254 petition. A petitioner, however, may not

appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. 28 U.S.C. § 2253(c)(1); <u>Reid v. Angelone</u>, 369 F.3d 363, 369 (4th Cir.2004). Until a certificate of appealability has been issued, an appellate court lacks jurisdiction to rule on the merits of an appeal. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003).

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. <u>Miller-El v. Cockrell</u>, 537 U.S. at 336-38; <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683-84 (4th Cir. 2001).

Here, the Court dismissed Cloud's 2254 petition because it was untimely under the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1). Because Cloud's conviction became final prior to the effective date of the AEDPA, the statute of limitations on his petition did not run until April 24, 1997, one year after the

effective date of the AEDPA.  Furthermore, Cloud's state habeas petition filed on October 18, 2001 could not toll the one-year limitations period because his limitations period had expired on April 24, 1997, four years before Cloud filed his state habeas petition.  Cloud, however, did not file his federal habeas petition until November 1, 2006, more than nine years after the statute of limitations had expired on his petition.

In addition, Cloud's petition could not be salvaged by equitable tolling principles because he failed to produce any evidence that he asked any of the three attorneys retained by him to file a federal habeas petition on his behalf.  Thus, the alleged ineffectiveness of his prior retained counsel is irrelevant to whether his current federal habeas petition was filed in a timely manner.

Therefore, because reasonable jurists would not find it debatable that the dismissal of Cloud's petition as untimely is correct, the Court **DENIES** Cloud's application for certificate of appealability (dkt no. 26).

It is so **ORDERED**.

CLOUD v. McBRIDE                                                1:06cv178

**ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY**

The Clerk is directed to mail a copy of this Order to the <u>pro se</u> petitioner and transmit this Order to counsel of record, all appropriate agencies, and the Fourth Circuit Court of Appeals.

DATED: August 15, 2007.

                                    /s/ Irene M. Keeley
                                    IRENE M. KEELEY
                                    UNITED STATES DISTRICT JUDGE